## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**ROBERT NELSON HOWELL, JR.**                                           **PETITIONER**
**Reg. #09232-026**

**VS.**                        **CASE NO.: 2:13CV00055 KGB/BD**

**ANTHONY HAYNES, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                              **RESPONDENT**


## RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge Kristine G Baker.  Mr. Howell – or any party – may file

written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Introduction

Petitioner Robert Nelson Howell has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket entry #1) Mr. Howell is currently an inmate at the United States Bureau of Prisons's ("BOP") Federal Correctional Complex ("FCC"), Forrest City, Arkansas.

The United States District Court for the Southern District of Illinois convicted Mr. Howell of conspiring to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana, and sentenced him to 360 months' imprisonment. *United States v. Howell*, 98-CR-30200-DRH, 2010 WL 1404055 (S.D. Ill. Apr. 7, 2010). Mr. Howell did not immediately appeal his sentence and judgment. Instead, he filed a motion under 28 U.S.C. § 2255, which was denied on the grounds that, as part of his plea agreement, he had waived his right to file such a challenge. *Id*. (citing *Howell v. United States*, 01–CV–0607–DRH (S.D. Ill., filed September 13, 2001), appeal denied, Appeal No. 03–3535 (7th Cir. decided September 25, 2003)).

Mr. Howell filed a collateral attack on this drug conviction in September 2001. The district court denied relief, and the Seventh Circuit denied Mr. Howell's request for a certificate of appealability in January of 2004.  See *Howell v. United States*, No. 03-3656 (7th Cir. Jan. 7, 2004).

Mr. Howell filed a petition for writ of habeas corpus under 28 U.S.C. §2241, which the United States District Court for the Western District of Wisconsin[1] construed as a motion brought under 28 U.S.C. §2255.  The petition was dismissed for lack of jurisdiction on January 26, 2004.  *Howell v. Scibana*, 04-C-27-C, 2004 WL 231139 (W.D. Wis. Jan. 26, 2004).

On October 12, 2004, Mr. Howell filed a second petition under § 2255, which the Court dismissed for lack of jurisdiction on January 27, 2005. *United States v. Howell*, 98-CR-30200-DRH, 2010 WL 1404055 (citing  *Howell v. United States*, 04–CV–0724–DRH).

Mr. Howell brought a second petition for writ of habeas corpus under 28 U.S.C. §2241 in the United States District Court for the Western District of Wisconsin, claiming that he was being unconstitutionally held despite having completed his sentence.  *Howell v. Scibana*, 04-C-292-C, 2004 WL 1563229 (W.D. Wis. July 7, 2004).  The court denied the petition.  *Id*. at *1.  Mr. Howell again attempted to challenge the Drug Enforcement

---

[1]At the time the petition was filed, Mr. Howell was an inmate at the Federal Correctional Institution in Oxford, Wisconsin.  *Howell v. Scibana,* 04-C-27-C, 2004 WL 231139 (W.D. Wis. Jan. 26, 2004).

Agency Action that resulted in his conviction, but the court rejected these claims as an attack on his conviction that would have to be brought under 28 U.S.C. § 2255.  *Id.*

Mr. Howell filed a notice of appeal of his sentence and judgment on May 5, 2006, which the Seventh Circuit dismissed for lack of jurisdiction on June 28, 2006.  *Id*.

Mr. Howell later brought another petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that his criminal conviction violated the prohibition against double jeopardy.  *Howell v. Bezy*, 163 F. App'x 416 (7th Cir. 2006) (reh'g and reh'g en banc denied April 5, 2006) (cert. denied *Howell v. Bezy*, 549 U.S. 1042, 127 S. Ct. 605, 166 L. Ed. 2d 449 (2006)).  The district court denied relief, and the Seventh Circuit affirmed.  *Id*.

On September 22, 2008, Mr. Howell filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  *United States v. Howell*, 98-CR-30200-DRH, 2009 WL 4673776 (S.D. Ill. Dec. 2, 2009).  The Court appointed counsel to represent Mr. Howell on the issue of a sentencing reduction in the light of amendments to the United States Sentencing Guidelines, but counsel moved to withdraw because he could not make a non-frivolous argument in support of a reduction under 18 U.S.C. § 3582(c).  The Court agreed and granted the motion to withdraw, finding that Mr. Howell's guideline range had not been lowered and that he could not satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *Id*.

In 2010, Mr. Howell filed an application for writ of *audita querela* with the trial court. *United States v. Howell*, 2010 WL 1404055 at *1. The court noted that the writ of *audita querela* had been abolished and found that what Mr. Howell really sought was to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Id.* The court considered the filing as a successive §2255 petition and advised Mr. Howell that he would have to seek permission from the Seventh Circuit Court of Appeals to pursue the petition. *Id.*

In May of 2012, Mr. Howell petitioned this Court for a writ of habeas corpus, claiming that a disciplinary hearing at the United States Penitentiary ("USP") in Atlanta, Georgia, violated his Fifth Amendment due process rights. *Howell v. Outlaw*, 2:12cv00087-DPM (closed April 12, 2013)(appeal dismissed for failure to prosecute *Howell v. Outlaw,* No. 13-1544 (8th Cir. April 22, 2013)). Mr. Howell's petition for writ of habeas corpus was denied, and the case was dismissed. *Id.*

In his current petition, Mr. Howell claims that he is in custody in violation of the laws and Constitution of the United States because the prosecutor constructively amended the indictment in violation of his Fifth and Sixth Amendment rights. (#1 at pp. 4, 7) Mr. Howell asks the Court to dismiss the indictment and release him from custody. (#1 at pp. 5, 11)

5

**III.**   **Discussion**

Summary dismissal of a habeas corpus petition – prior to any answer or other

pleading being filed – is appropriate where the petition itself, together with court records,

show that the petitioner is not entitled to relief.  Rule 4, Rules Governing Habeas Corpus

Cases.

A motion to vacate, set aside, or correct a sentence must be brought in the

sentencing court.  28 U.S.C. § 2255(a); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir.

2004).  Because a § 2255 motion attacks the validity of a conviction or sentence, it is a

further step in the petitioner's criminal case, and subject matter jurisdiction lies with the

court which convicted and sentenced him.  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir.

1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or

the manner in which the sentence is being carried out, and it is within the subject matter

jurisdiction of the court presiding in the judicial district where the prisoner is

incarcerated.  *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

The Court has reviewed Mr. Howell's petition.  As with many of his earlier

petitions, here Mr. Howell challenges the validity of his conviction and sentence, not the

execution of his sentence.  Because the sentencing court has already "denied him relief"

on his § 2255 motions, and because Mr. Howell has not applied to the proper court for

further § 2255 relief, this Court cannot entertain his § 2241 petition for habeas corpus

unless it also appears that the remedy from a § 2255 motion addressed to the sentencing court is inadequate or ineffective to test the legality of his detention. *Nichols*, 553 F.3d at 649; § 2255(e).

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959. This is a narrowly-circumscribed safety valve. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not deemed inadequate or ineffective merely because the claim was previously raised and denied in a § 2255 motion; because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion; or because a § 2255 motion is time-barred. *Id*.

Because Mr. Howell has not made even an initial showing of the inadequacy or ineffectiveness of his § 2255 remedies in the sentencing district, this Court lacks subject matter jurisdiction to entertain the claims raised in this § 2241 habeas action, and the petition should be dismissed. *Hill v. Morrison*, 349 F.3d 1089, 1091-93 (8th Cir. 2003).

In addition, the claims should be dismissed as successive, due to his failure to present them in his prior § 2241 action in this Court. See 28 U.S.C. § 2244(a)(district court is not required to entertain a habeas application inquiring into the detention of a

federal prisoner if the legality of such detention has been determined in a prior federal habeas action).

## IV.    **<u>Conclusion</u>**

The Court recommends that Judge Baker dismiss Robert Nelson Howell's petition for writ of habeas corpus, without prejudice, for lack of jurisdiction.

DATED this 17th day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE